MORGAN, LEWIS & BOCKIUS LLP
Andrew P. Frederick, State Bar No. 284832
Andrew.frederick@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:    650.843.4000
Fax:   650.843.4001

MORGAN LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, State Bar No. 306882
nicole.antonopoulos@morganlewis.com
Taylor D. Horn, State Bar No. 329435
taylor.horn@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001

Attorneys for Defendant
JETBLUE AIRWAYS CORPORATION
(erroneously named as JETBLUE AIRWAYS)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS EVELIO ROSALES, individually and on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> JETBLUE AIRWAYS, a Delaware corporation and DOES 1-50, inclusive, <br><br> Defendants. | Case No. 2:22-cv-00203 <br><br> [Los Angeles Superior Court Case No. 21STCV40280] <br><br> **DEFENDANT JETBLUE AIRWAYS CORPORATION'S NOTICE OF REMOVAL OF CASE TO FEDERAL COURT** <br><br> **[28 U.S.C. §§ 1332, 1441, 1446, 1453]** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF CONTENTS

**Page**

I.  SUMMARY OF COMPLAINT ........................................................................ 1

II.  THE REMOVAL IS TIMELY .................................................................... 2

III.  DIVERSITY JURISDICTION EXISTS ...................................................... 3

    A.  The Court Has Original Subject Matter Jurisdiction Under CAFA. ......................................................................................... 3

        1.  Diversity of Citizenship Exists. ..................................... 4

            a.  Plaintiff is a Citizen of California. ................... 4

            b.  JetBlue is a Citizen of New York and Delaware. ........... 5

        2.  There Are More Than 100 Putative Class Members. ................ 6

        3.  The Amount-in-Controversy Requirement Is Satisfied .............. 6

            a.  Plaintiff's Minimum Wage Claim Places at Least $832,493 in Controversy. ................... 8

            b.  Plaintiff's Meal Break Claim Places at Least $1,090,168.75 in Controversy. ............... 9

            c.  Plaintiff's Rest Break Claim Places at Least $1,090,168.75 in Controversy. ............... 11

            d.  Plaintiff's Waiting Time Penalties Claim Places Approximately $1,304,667 in Controversy ................... 12

            e.  Plaintiff's Wage Statement Claim Places at Least $1,504,350 in Controversy. ................... 13

            f.  The Amount in Controversy for Plaintiff's Claims Exceeds $5,000,000 ................... 15

IV.  THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED ........................ 17

V.  CONCLUSION ........................................................................ 18

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Armstrong v. Church of Scientology Int'l,*
243 F.3d 546 (9th Cir. 2000)..................................................................4

*Boon v. Allstate Ins. Co.,*
229 F. Supp. 2d 1016 (C.D. Cal. 2002)....................................................4

*Brinker v. Superior Court,*
53 Cal. 4th 1004 (2012)..................................................................10, 12

*Campbell v. Vitran Exp., Inc.,*
471 F. App'x 646 (9th Cir. 2012)............................................................7

*Chavez v. JPMorgan Chase & Co.,*
2018 WL 1882908 (9th Cir. Apr. 20, 2018).............................................16

*Dart Cherokee Basin Operating Co., LLC v. Owens,*
135 S.Ct. 547 (2014) ...........................................................................6, 7

*Fritsch v. Swift Transportation Co. of Arizona, LLC,*
899 F.3d 785 (9th Cir. 2018)..................................................................15

*Hertz Corp. v. Friend,*
559 U.S. 77 (2010) .................................................................................5

*Martinez v. Morgan Stanley & Co. Inc.,*
2010 WL 3123175 (S.D. Cal. August 9, 2010).........................................14

*Newcombe v. Adolf Coors Co.,*
157 F.3d 686 (9th Cir. 1998)....................................................................6

*In re Quintus Sec. Litig.,*
148 F. Supp. 2d 967 (N.D. Cal. 2001)....................................................15

*Rhoades v. Progressive Casualty Ins., Co.,*
410 F. App'x 10 (9th Cir. 2010)..............................................................8

*State Farm Mut. Auto. Ins. Co. v. Dyer,*
19 F.3d 514 (10th Cir. 1994)...................................................................4

*United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. &
Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.,*
602 F.3d 1087 (9th Cir. 2010).................................................................4

*Washington v. Hovensa LLC,*
652 F.3d 340 (3rd Cir. 2011)..................................................................4

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

**TABLE OF AUTHORITIES**
(continued)

Page(s)

**Statutes**

28 U.S.C.
§§ 1332, 1441, 1446, and 1453 ............................................................... 1
§§ 1332(a), (d), 1441 and 1446 .............................................................. 17
§ 1332(c)(1) ........................................................................................... 5
§ 1332(d)(2) ...................................................................................... 4, 17
§§ 1332(d)(2), 1453 ................................................................................ 4
§ 1332(d)(2)(A) ...................................................................................... 6
§1332(d)(5) ............................................................................................ 6
§ 1332(d)(6) ........................................................................................... 6
§ 1332(d), 1453 and 1711-1715 ............................................................. 2
§§ 1441, 1446 and 1453 .......................................................................... 4
§ 1441(a), 1446(a) and 84(a) ................................................................ 17
§ 1441(b)(1) ........................................................................................... 6
§ 1446 ................................................................................................... 18
§ 1446(b) ............................................................................................... 2
§ 1446(d) .............................................................................................. 17
§ 1453 ..................................................................................................... 3

CAFA ............................................................................................. *passim*

CAFA, 28 U.S.C.
§ 1332(d)(1)(B) ...................................................................................... 3

Cal. Code of Civ. Pro.
§ 338 ..................................................................................................... 13

Cal. Code Civ. Proc.
§340(a) ................................................................................................. 14

California Code of Civil Procedure
§ 415.30 ................................................................................................. 2
§ 415.30(c) ............................................................................................. 2

Class Action Fairness Act of 2005, 28 U.S.C.
§§ 1332(d) and 1453 .............................................................................. 1

Class Action Fairness Act of 2005, Pub. L. No. 109-2 (enacted Feb.
18, 2005) ................................................................................................ 2

Labor Code 201 and 202 ......................................................................... 12

Labor Code
§ 203 .................................................................................................... 13
§ 226 .................................................................................................... 14
section 226(a) ....................................................................................... 14
section 226(e) ................................................................................. 14, 15
§ 226(e)(1) ........................................................................................... 15
section 226.7 ........................................................................... 10, 11, 12, 15
§ 1194(a) .............................................................................................. 15

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

Unfair Competition Law.............................................................................................. 1

**Rules and Regulations**

Fed. R. Civ. P. 6(a)(1)(C) .......................................................................................... 3

IWC wage order............................................................................................................ 11

**Other Authorities**

Sen.Rep. No. 109-14, p. 42 (2005).............................................................................. 7

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

iv

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant JetBlue Airways Corporation (erroneously named as JetBlue Airways) ("Defendant" or "JetBlue") hereby removes the above-entitled action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California. This Court has original subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, because minimum diversity exists and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

In support of this removal, JetBlue states as follows:

## I.    SUMMARY OF COMPLAINT

1.      On November 2, 2021, Plaintiff Jesus Evelio Rosales ("Plaintiff" or "Rosales") filed an unverified class action complaint in the Superior Court of the State of California, in and for the County of Los Angeles, entitled *Jesus Evelio Rosales, individually, and on behalf of himself and all others similarly situated v. JetBlue Airways, and Does 1-50, inclusive* Case No. 21STCV40280 ("Complaint"). The Complaint alleges seven causes of action on behalf of Plaintiff and a putative class under California law: (1) failure to pay minimum wages; (2) failure to pay overtime owed; (3) failure to provide lawful meal periods; (4) failure to authorize and permit rest periods; (5) failure to timely pay wages owed upon separation from employment; (6) knowing and intentional failure to comply with itemized wage statement provisions; and (7) violation of the Unfair Competition Law. Plaintiff defines the putative class as "all persons who are or were employed by Defendants as hourly paid, non-exempt workers at airports in the State of California at any time from four years prior to the filing of this action through resolution or trial of the matter." Compl., ¶ 42.

2.     Plaintiff's action was therefore commenced after the effective date of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005), codified at 28 U.S.C. §§ 1332(d), 1453 and 1711-1715.

3.     On November 19, 2021, counsel for Plaintiff mailed the Notice and Acknowledgement Of Receipt – Civil, Summons, Complaint, Civil Case Cover Sheet, Notice Of Case Assignment, Alternative Dispute Resolution Information Package, Voluntary Efficient Litigation Stipulations, Order Pursuant To CCP, Civil Case Cover Sheet Addendum, Minute Order, Initial Status Conference Order to counsel for JetBlue pursuant to California Code of Civil Procedure § 415.30.  A true and correct copy of the documents Plaintiff's counsel mailed to JetBlue's counsel is attached hereto as **Exhibit A**.

4.     On December 9, 2021, JetBlue's counsel executed and returned to Plaintiff's counsel the Notice and Acknowledgement of Receipt of Summons.  A true and correct copy of JetBlue's Notice and Acknowledgement of Receipt is attached as **Exhibit B**.

5.     On January 6, 2022, JetBlue caused its Answer to the Complaint to be filed with the Los Angeles County Superior Court and served on Plaintiff's counsel. A true and correct copy of JetBlue's Answer is attached hereto as **Exhibit C** and is incorporated by reference.

## II.     THE REMOVAL IS TIMELY

6.     This Notice of Removal is timely in that 28 U.S.C. § 1446(b) requires that a notice of removal in a civil action must be filed within thirty (30) days after service of the summons and complaint.  Under California Code of Civil Procedure section 415.30, "[s]ervice of a summons . . . is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender."  On December 9, 2021, JetBlue's counsel signed and returned the Notice and Acknowledgement of Receipt of Summons to Plaintiff's counsel. Pursuant to California Code of Civil Procedure

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

§ 415.30(c), service was completed on December 9, 2021, the date Defendant's counsel signed and returned the written acknowledgement of receipt of summons. Defendant thus has thirty (30) days from December 9, 2021 to file a notice of removal. Thirty (30) days from December 9, 2021, is January 8, 2022. Since the removal deadline falls on a Saturday, JetBlue has until the following court day, *i.e.*, January 10, 2022, to file its Removal. *See* Fed. R. Civ. P. 6(a)(1)(C) (providing that if the last day for an act falls on a Saturday, Sunday, or legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). Because this Removal is filed on or by January 10, 2022, it is timely.

7.     No previous Notice of Removal has been filed or made with this Court for the relief sought.

## III.   DIVERSITY JURISDICTION EXISTS

### A.   The Court Has Original Subject Matter Jurisdiction Under CAFA.

8.     This lawsuit is one over which this Court has original jurisdiction under 28 U.S.C. § 1453 because it is a civil action within the meaning of the Acts of Congress relating to removal of class actions. *See* 28 U.S.C. § 1453.

9.     This action is brought by a putative representative person on behalf of a proposed class of individuals identified as "all persons who are or were employed by Defendants as hourly paid, non-exempt workers at airports in the State of California at any time from four years prior to the filing of this action through resolution or trial of the matter." Compl., ¶ 42. As such, this matter is a purported class action as that term is defined in the CAFA, 28 U.S.C. § 1332(d)(1)(B), and 28 U.S.C. § 1453.

10.     This Court has original subject matter jurisdiction based on diversity of citizenship under CAFA because this matter was brought as a class action, diversity of citizenship exists between one or more members of the purported class and JetBlue, the number of proposed class members is 100 or greater, and the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

1  amount placed in controversy by Plaintiff's Complaint exceeds, in the aggregate,

2  $5,000,000, exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2), 1453.[1]

3  Removal is therefore proper pursuant to 28 U.S.C. §§ 1441, 1446 and 1453.

4  ## 1.   Diversity of Citizenship Exists.

5  11.   In order to satisfy CAFA's diversity requirement, a party seeking

6  removal need only show that minimal diversity exists, such that one putative class

7  member is a citizen of a state different from that of one defendant.  28 U.S.C. §

8  1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. &*

9  *Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91

10  (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded

11  original diversity jurisdiction for class actions meeting the minimal diversity

12  requirement set forth in 28 U.S.C. § 1332(d)(2)).

13  ### a.   Plaintiff is a Citizen of California.

14  12.   "An individual is a citizen of the state in which he is domiciled . . ."

15  *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing

16  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes

17  of diversity of citizenship jurisdiction, citizenship is determined by the individual's

18  domicile at the time that the lawsuit is filed.  *Armstrong v. Church of Scientology*

19  *Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th

20  Cir. 1986)).

21  13.   Continuing residence creates a presumption of domicile.  *Washington*

22  *v. Hovensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto. Ins. Co.*

23  *v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).

24  14.   Plaintiff alleges he "is and during the liability period has been, a

25  resident of California."  Compl., ¶ 14.  Plaintiff further alleges that he worked for

26

27  [1] JetBlue does not concede and reserves the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action and/or

28  representative action.  JetBlue further does not concede that any of Plaintiff's allegations constitute a cause of action under applicable California law.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

JetBlue in California. *Id.,* ¶ 13. During his employment with JetBlue, Plaintiff provided JetBlue with a home address in California. Plaintiff does not allege that he was a citizen of any state other than California and there is no indication that Plaintiff is or was a citizen of states other than California at any time relevant to the Complaint. Thus, Plaintiff was domiciled in the State of California, and is therefore a citizen of California for purposes of diversity jurisdiction in this matter.

### b.     JetBlue is a Citizen of New York and Delaware.

15.     For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). JetBlue is, and at all pertinent times was, a corporation organized and existing under and by virtue of the laws of the State of Delaware. Plaintiff also alleges that Defendant "is a Delaware Corporation." Compl. ¶ 12.

16.     Further, currently and prior to and since the commencement of this action, JetBlue has had its corporate headquarters and principal place of business in Long Island City, New York. *See generally Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities" and, "in practice[,] it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center.'"). The majority of JetBlue's executive functions take place, and the greater part of JetBlue's administrative functions (including payroll, legal, and human resources) are conducted at its headquarters, in Long Island City, New York. Accordingly, JetBlue is a citizen of Delaware and New York for the purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

17.     Defendant is not and, since the commencement of this action, has not been, incorporated in California and has not had its headquarters or executive

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

offices based in California.

18.    Based on the Complaint, therefore, at least one member of the putative class is a citizen of a state different from that of JetBlue, as the named Plaintiff is a citizen of California, while JetBlue is a citizen of Delaware and New York. *See* 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any defendant"). Thus, minimal diversity exists.

19.    Although Plaintiff has listed 50 fictitiously-named "Doe" defendants, the citizenship of these "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1) (for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded"); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (same).

### 2.    There Are More Than 100 Putative Class Members.

20.    CAFA's requirement that proposed class membership be no less than 100 (28 U.S.C. §1332(d)(5)) is satisfied here because the putative class has more than 100 members.  During the putative class period of November 2, 2017 through the present, JetBlue has employed over 100 individuals as non-exempt, hourly airport employees in California. *See* Compl. ¶ 42.[2]

### 3.    The Amount-in-Controversy Requirement Is Satisfied.

21.    Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6).  A removing defendant "must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014).

---

[2] Plaintiff's Complaint defines the class as "all persons who are or were employed by Defendants as hourly paid, non-exempt workers at airports in the State of California at any time from four years prior to the filing of this action through resolution or trial of the matter." Compl., ¶ 42.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

22.     The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S.Ct. at 554.  "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.  Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.,* quoting H.R.Rep. No. 112–10, p. 16 (2011).

23.     Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the applicability of CAFA should be resolved in favor of federal jurisdiction.  Sen.Rep. No. 109-14, p. 42 (2005) ("If a federal court is uncertain about whether 'all matters in controversy' in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case.").

24.     In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint."  *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).  In *Vitran,* the court held that it was proper for a defendant in a putative wage and hour class action to establish the amount in controversy requirement for purposes of CAFA by assuming a minimum number of meal and rest period violations per class member per pay period.  471 Fed. App. at 648.  Noting that the plaintiffs alleged that their claims were "typical" of the other putative class members, the Court also found it proper to multiply the plaintiffs' claimed damages by the number of putative class members in order to meet the amount in controversy requirement.  *Id.* at 649.

25.     Plaintiff alleges that "Defendants implemented uniform policies and practices that deprived Plaintiff and Class Members of earned wages, including minimum wages; straight time wages; overtime wages; premium wages; lawful meal and/or rest breaks; reimbursement for necessary expenses; and timely

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

payment of wages." Compl. ¶ 2.

26.    The Complaint defines the putative class as "all persons who are or were employed by the Defendants as hourly, paid, non-exempt workers at airports in the State of California" from November 2, 2017 through the present. *See id.*, ¶ 42.  JetBlue limits its amount-in-controversy calculations to persons employed by JetBlue in non-exempt airport positions in California (except flight attendants and pilots) during this time period.

27.    While JetBlue denies Plaintiff's factual allegations and denies that he or the putative class he purports to represent are entitled to any of the relief Plaintiff has requested in the Complaint, it is clear that, when the maximum potential value of the claims of Plaintiff and the putative class members are aggregated, the allegations within Plaintiff's Complaint put into controversy an amount in excess of $5,000,000.[3]  *Rhoades v. Progressive Casualty Ins., Co.*, 410 F. App'x 10, 11 (9th Cir. 2010) ("'Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.'") (quoting *Lewis v. Verizon Communications Inc.*, 2010 WL 4645465, 4 (9th Cir. 2010)).

### a.    Plaintiff's Minimum Wage Claim Places at Least $832,493 in Controversy.

28.    In the First Cause of Action, Plaintiff alleges that "Defendants failed to pay at least minimum wage for all hours worked because, employees were required to work off the clock." Compl., ¶ 55.  Plaintiff also alleges "Defendants rounded

---

[3] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint.  JetBlue's references to specific damage amounts and its citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum.  JetBlue maintains that each of Plaintiff's claims is without merit and that JetBlue is not liable to Plaintiff or any putative class member.  In addition, JetBlue denies that liability or damages can be established on a class wide basis.  JetBlue specifically denies that Plaintiff or the putative class have suffered any damages as a result of any act or omission by JetBlue.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

hours worked against Plaintiff and the Class Members' interests." *Id.*, ¶ 56.

Plaintiff alleges "Defendants implemented uniform policies and practices that

deprived Plaintiff and Class Members of earned wages, including minimum wages .

. . ." *Id.*, ¶ 2.   Plaintiff alleges that "Defendant's policy and practice of not paying

all minimum wages violates California Labor Code" and applicable wage orders.

*Id.*, ¶ 57.  Based on these alleged violations, Plaintiff and the Minimum Wage

Subclass members seek unpaid wages, statutory penalties, reasonable attorneys'

fees and costs, pre-judgment and post-judgment interest, and liquidated damages.

*Id.*, ¶ 58.

29.    The class period is alleged to include the four years prior to the date of

the filing of the Complaint.  Compl., ¶¶ 1, 42.  Thus, because Plaintiff filed his

Complaint on November 2, 2021, the relevant time period for Plaintiff's minimum

wage claim is November 2, 2017 through the present.

30.    According to Defendant's records, since November 2, 2017, JetBlue

employed at least 744 non-exempt airport employees in California (excluding flight

attendants and pilots) for at least 79,285 workweeks.  The lowest minimum wage in

California since November 2, 2017 is $10.50 per hour.

31.    Based on Plaintiff's allegation that Defendant had "uniform policies

and practices" of failing to pay all wages, JetBlue reasonably estimates that Plaintiff

is seeking at least 1 hour of uncompensated time per workweek.  This alleged

uncompensated time for non-exempt airport employees in California (excluding

flight attendants and pilots) since November 2, 2017 would result in an alleged

amount in controversy of at least **$832,493** for each hour of uncompensated time

per workweek ($79,285 workweeks x 1 hour x $10.50 (lowest minimum wage) =

$832,493).

       **b.**    **Plaintiff's Meal Break Claim Places at Least
$1,090,168.75 in Controversy.**

32.    In the Third Cause of Action, Plaintiff alleges that "[a]s a consequence

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

of Defendants' policies and practices, requirements, demands, lack of coverage and staffing practices, Plaintiff and the Class Members were often required to forego such meal periods, take shortened meal periods, and/or commence their meal breaks into and beyond the sixth hour of their shifts." Compl., ¶ 72.  Plaintiff also alleges that "Plaintiff and the Class Members were regularly required to work shifts in excess of five hours without being provided a lawful meal period and, on occasion, would not be provided a meal period for the entirety of the work shift." *Id.*, ¶ 29. Plaintiff further alleges "during the relevant time, as a consequence of Defendants' scheduling and staffing practices, work demands, and Defendants' policies and practices, Defendants frequently failed to provide Plaintiff and the Class Members timely, legally compliant uninterrupted 30-minute meal periods as required by law." *Id.*, ¶ 30.  Plaintiff also alleges that "Plaintiff's and the Class Members' first meal breaks were frequently not provided, untimely, or short." *Id.*  Plaintiff further alleges that Plaintiff and the putative class are thus entitled to damages of premium wages for meal periods that were not provided pursuant to Labor Code section 226.7. *Id.*, ¶ 74.

33.   California Labor Code Section 226.7 provides that if an employer fails to provide a meal period as required by law, the employer shall pay "one additional hour of pay at the employee's regular rate of compensation for each work day that the meal . . . period was not provided." *See also Brinker v. Superior Court*, 53 Cal. 4th 1004, 1039 (2012).

34.   The class period is alleged to include the four years prior to the date of the filing of the Complaint.  Compl., ¶¶ 1, 42, 71.  Thus, because Plaintiff filed his Complaint on November 2, 2021, the relevant time period for Plaintiff's meal break claim is November 2, 2017 through the present.  According to Defendant's records, since November 2, 2017, JetBlue employed at least 744 non-exempt airport employees in California (excluding flight attendants and pilots) for at least 79,285 workweeks.  The lowest hourly rate of pay for these employees is $13.75.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

35.     Based on Plaintiff's allegation that Plaintiff and other putative class members were "regularly" and "frequently" not provided lawful meal breaks, JetBlue makes the conservative assumption that Plaintiff seeks at least one (1) hour of premium pay per putative class member per workweek.  As such, the amount in controversy under Section 226.7 for allegedly failing to provide meal breaks is at least **$1,090,168.75** (79,285 workweeks x 1 missed meal period per workweek x $13.75 lowest hourly rate).

        **c.**    **<u>Plaintiff's Rest Break Claim Places at Least $1,090,168.75 in Controversy.</u>**

36.     In the Fourth Cause of Action, Plaintiff alleges "Defendants failed and refused to authorized and permit Plaintiff and Class Members to take lawful, net ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof" and "[s]uch rest breaks, when provided, were frequently untimely or less than net ten minutes because of the work requirements imposed by Defendants, and frequent calls during rest periods." Compl., ¶ 80.  Plaintiff also alleges that "during the relevant time frame, Plaintiff and the Non-Exempt Employees were systemically not authorized and permitted to take one net ten-minute paid, rest period for every four hours worked or major faction thereof, which is a violation of the Labor Code and IWC wage order." *Id.*, ¶ 32.  Plaintiff also alleges that "Defendants maintained and enforced scheduling practices, policies, and imposed work demands that frequently required Plaintiff and Class Members to forego their lawful, paid rest periods of a net ten minutes for every four hours worked or major fraction thereof" and "[s]uch requisite rest periods were not timely authorized and permitted." *Id.*, ¶ 33.  Plaintiff also alleges that "Plaintiff and Class Members rest periods were frequently interrupted or cut short due to staffing/scheduling practices, policies, and imposed work demands." *Id.*, ¶ 35.

37.     Labor Code Section 226.7 provides that if an employer fails to provide rest periods as required by law, the employer shall pay "one additional hour of pay

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

at the employee's regular rate of compensation for each work day that the . . . rest period was not provided." *See also Brinker*, 53 Cal. 4th at 1039.

38.     The class period is alleged to include the four years prior to the date of the filing of the Complaint.  Compl., ¶¶ 1, 42.  Thus, because Plaintiff filed his Complaint on November 2, 2021, the relevant time period for Plaintiff's rest period claim is November 2, 2017 through the present.

39.     According to Defendant's records, since November 2, 2017, JetBlue employed at least 744 non-exempt airport employees in California (excluding flight attendants and pilots) for at least 79,285 workweeks.  The lowest hourly rate of pay for these employees is $13.75.

40.     Based on Plaintiff's allegation that Plaintiff and other putative class members were "frequently" and "systemically" not provided lawful rest breaks, JetBlue makes the conservative assumption that Plaintiff seeks at least one (1) hour of premium pay per putative class member per workweek.  As such, the amount in controversy under Section 226.7 for allegedly failing to provide rest breaks is at least **$1,090,168.75** (79,285 workweeks x 1 missed rest period per workweek x $13.75 lowest hourly rate).

### d.     <u>Plaintiff's Waiting Time Penalties Claim Places Approximately $1,304,667 in Controversy.</u>

41.     In his Fifth Cause of Action, Plaintiff alleges "Defendants failed to timely pay Plaintiff and, upon information and belief, other Class Members earned compensation at the time of termination despite their obligations under Labor Code 201 and 202." Compl. ¶ 88.  Plaintiff also alleges "that at all times herein mentioned, Defendants knew that at the time of termination of employment (or within 72 hours thereof for resignations without prior notice as the case may be) they had a duty to accurately compensate Plaintiffs and Class Members for all wages owed including straight time, overtime, meal and rest period premiums, and that Defendants had the financial ability to pay such compensation, but willfully,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

knowingly, recklessly, and/or intentionally failed to do so in part because of the above-specific violations." *Id.*, ¶ 38.  Plaintiff also alleges that "[m]ore than thirty (30) days have passed since affected Waiting Time Subclass Members have left Defendants' employ, and on information and belief, they have not received payment pursuant to <u>Labor Code</u> § 203 penalties."  *Id.*, ¶ 89.  Plaintiff alleges that "Plaintiff and Waiting Time Subclass Members are thus entitled to 30 days wages as a penalty under <u>Labor Code</u> § 203, together with interest thereon and attorneys' fees and costs." *Id.*, ¶ 90.

42.    The statute of limitations for "waiting time" penalties under Labor Code Section 203 is three years.  *See* Labor Code § 203; Cal. Code of Civ. Pro. § 338.  Thus, because Plaintiff filed his Complaint on November 2, 2021, the relevant time period for Plaintiff's claim for waiting time penalties is November 2, 2018 through the present.

43.    According to JetBlue's records, at least 280 hourly, non-exempt airport employees in California (excluding flight attendants and pilots) have separated from their employment with the Company since November 2, 2018.  Out of these 280 separated putative class members, 145 were full-time employees whose average hourly rate was $23.49 at the time of their separation with JetBlue. The remaining 135 separated putative class members were part-time employees whose average hourly rate was $20.05 at the time of their separation with JetBlue.

44.    As such, the amount of waiting time penalties at issue, based on Plaintiff's allegations, is at least **$1,304,667** (145 formerly employed full-time employees x $23.49 per hour x 8 hours per day x 30 days = $817,452); (135 formerly employed part-time employees x $20.05 per hour x 6 hours per day x 30 days = $487,215); ($817,452 + $487,215 = $1,304,667).

e.    **<u>Plaintiff's Wage Statement Claim Places at Least $1,504,350 in Controversy.</u>**

45.    In the Sixth Cause of Action, Plaintiff alleges, "[a]s a pattern and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Defendants did not and still do not furnish each of the members of the Wage Statement Class with an accurate itemized statement in writing accurately reflecting all of the required information." Compl., ¶ 97.  Plaintiff alleges that "Defendant omitted required information such as total hours worked, and failed to accurately include all applicable hourly rates on the wage statements and the corresponding number of hours worked at such rates or hours paid at such rates." *Id*.  Plaintiff also alleges that "Defendants have failed to provide accurate itemized wage statements as a consequence of the above-specified violations for failure to accurately pay all wages owed, accurately record all hours worked, and failure to pay meal and rest period premiums as required by laws." *Id*.  In addition, Plaintiff alleges, "as a pattern and practice, in violation of Labor Code section 226(a) and the IWC Orders, Defendants did not and do not maintain records pertaining to the total hours worked for Defendants by the members of the Wage Statement Class . . . ." *Id*., ¶ 98.  Based on these alleged violations, Plaintiff and the Wage Statement Class Members seek damages pursuant to Labor Code § 226.  *Id*., ¶ 100.

46.   Labor Code section 226(e) provides that an employee is entitled to recover the greater of all actual damages or $50 for the initial alleged violation and $100 for each alleged subsequent violation, up to a maximum of $4,000, plus costs and reasonable attorneys' fees, if an employer knowingly and intentionally fails to provide an accurate, itemized wage statement.  Cal. Lab. Code § 226(e).

47.   There is a one-year statute of limitations on Plaintiff's wage statement claim.  *See* Cal. Code Civ. Proc. §340(a); *Martinez v. Morgan Stanley & Co. Inc*., 2010 WL 3123175, at *6 (S.D. Cal. August 9, 2010). Thus, because Plaintiff filed his Complaint on November 2, 2021, the relevant time period for Plaintiff's wage statement claim is November 2, 2020 through the present.

48.   According to its records, since November 2, 2020, Defendant employed at least 536 hourly, non-exempt airport employees in California

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

(excluding flight attendants and pilots) who performed some work and were paid during at least one pay period since November 2, 2020.  During the relevant time period, Defendant paid its hourly, non-exempt employees in California on a weekly basis.  Of these 536 employees, approximately 225 employees worked at least 41 pay periods since November 2, 2020.  Thus, the maximum penalty that could be awarded to each of these individuals under Labor Code section 226(e) is $4,000.  The other approximately 311 employees worked at least 6,199 pay periods during this same time period.

49.     As such, Plaintiff's wage statement claim places at least **$1,504,350** in controversy [(225 employees x $4,000) + ($50 for initial violation x 311 pay periods) + ($100 for subsequent violation x 5,888 pay periods)].

### f.     The Amount in Controversy for Plaintiff's Claims Exceeds $5,000,000.

50.     As demonstrated above, the alleged damages on Plaintiff's First, Third, Fourth, Fifth, and Sixth Causes of Action, total at least $**5,821,848**.[4]  In addition, Plaintiff also seeks recovery for himself and all putative members for attorneys' fees[5] and further causes of action, including unpaid overtime pay and

---

[4] Based on the allegations in the Complaint, Defendant could reasonably assume that Plaintiff seeks at least two (2) meal period violations per putative class member per workweek and at least two (2) rest period violations per putative class member per workweek.  Assuming that Defendant failed to provide at least two meal periods and at least two rest periods per workweek, the potential amount in controversy under Section 226.7 would increase from $2,180,337.50 to approximately **$4,360,675** [(79,285 workweeks x 2 missed rest periods per workweek x $13.75 lowest hourly rate) + (79,285 workweeks x 2 missed meal breaks per workweek x $13.75 lowest hourly rate)].

[5] Attorneys' fees are properly included in determining the amount in controversy if the law under which the plaintiff has brought suit allows for their recovery.  *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles [the plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy.").  For purposes of class actions, attorneys' fees may be calculated by assuming 25 percent of the potential damages on claims for which attorneys' fees are available.  *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund).  Here, attorneys' fees are available on wage statement penalties claims, *see* Labor Code § 226(e)(1), and unpaid wages claims, *see* Labor Code § 1194(a).  The

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

restitution damages due to alleged unfair business practices.  Each of these claims, if added to the aggregate potential damages, further increases the amount in controversy.

51.   Based on the calculations outlined above, the potential total amount in controversy exceeds $5,000,000.00 as follows:

| | | | |
|---|---|---|---|
| A. | Unpaid minimum wages: | $832,493 |
| B. | Meal period premiums: | $1,090,168.75 |
| C. | Rest period premiums: | $1,090,168.75 |
| D. | Waiting time penalties: | $1,304,667 |
| E. | Wage statement violations: | $1,504,350 |

**TOTAL AMOUNT IN CONTROVERSY:**          **$5,821,848**

52.   As certain putative class members are also current employees, and Plaintiff claims that Defendant's unlawful policies are still in place, this amount for the putative class will continue to grow.  *Chavez v. JPMorgan Chase & Co.*, 2018 WL 1882908, at *1 (9th Cir. Apr. 20, 2018) ("We conclude that the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal).  Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious.").

53.   Thus, although JetBlue denies Plaintiff's allegations and theories of maximum recovery, denies that he or the putative class he purports to represent are entitled to any of the relief for which they have prayed, and expressly reserves all its defenses, based on Plaintiff's allegations, the potential amount in controversy on only *five* of Plaintiff's *seven* **claims** for damages exceeds the $5,000,000 threshold

amount in controversy for Plaintiff's minimum wage claim is $832,493, waiting time penalties is $1,304,667, and Plaintiff's wage statement claim is $1,504,350, for a total of $3,641,510.  Therefore, the amount in controversy for attorneys' fees is at least **$910,377.50** ($3,641,510 x 0.25).

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

1  set forth under 28 U.SC. §1332(d)(2).

2       54.    Therefore, Plaintiff's Complaint satisfies the amount in controversy

3  requirement under CAFA.

4  **IV.**    **THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN**

5         **SATISFIED**

6       55.    As set forth above, this Notice of Removal is filed within thirty days of

7  service of process on JetBlue and all process, pleadings, and orders that have been

8  served (or purportedly served) on JetBlue in this action are attached hereto in

9  **Exhibits A, B, and C**.

10       56.    Venue lies in the Central District of California pursuant to 28 U.S.C.

11  § 1441(a), 1446(a) and 84(a).  This action was originally brought in the Superior

12  Court of the State of California, County of Los Angeles and arises in part out of

13  Plaintiff's employment there.  Compl., ¶ 9.  Therefore, this is the appropriate Court

14  for removal.

15       57.    As required by 28 U.S.C. § 1446(d), JetBlue will promptly serve

16  Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of

17  Removal with the Superior Court of the State of California, County of Los Angeles.

18       58.    JetBlue is informed and believes and on that basis alleges that none of

19  the fictitiously-named defendants have been identified by Plaintiff or served with

20  the Summons and Complaint.

21       59.    JetBlue has sought no similar relief.

22       60.    The prerequisites for removal under 28 U.S.C. §§ 1332(a), (d), 1441

23  and 1446 have been met

24       61.    If any question arises as to the propriety of the removal of this action,

25  JetBlue requests the opportunity to present a brief and oral argument in support of

26  its position that this case is removable.

27       62.    By this Notice of Removal and the exhibits attached hereto and the

28  documents filed concurrently herewith, JetBlue does not intend to make any

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

admissions of fact, law or liability relating to the claims in the Complaint, and it expressly reserves the right to make any and all defenses and motions necessary in its defense against Plaintiff's allegations.

## V.   **CONCLUSION**

63.    Pursuant to these statutes and in accordance with the procedures set forth in 28 U.S.C. § 1446, JetBlue prays that the above-captioned action pending in the Superior Court of the State of California, County of Los Angeles, be removed therefrom to the United States District Court for the Central District of California.

Dated:  January 10, 2022

MORGAN, LEWIS & BOCKIUS LLP

By  */s/ Nicole L. Antonopoulos*
Andrew P. Frederick
Nicole L. Antonopoulos
Taylor D. Horn

Attorneys for Defendant
JETBLUE AIRWAYS
CORPORATION (erroneously
named as JETBLUE AIRWAYS)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____