Electronically FILED by Superior Court of California, County of Los Angeles on 11/02/2021 03:03 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano,Deputy Clerk
Case 2:22-cv-00203-FLA-E   Document 1-1   Filed 01/10/22   Page 1 of 60   Page ID #:24
21STCV40280

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

JETBLUE AIRWAYS, a Delaware Corporation, and DOES 1-50,
inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JESUS EVELIO ROSALES, individually and on behalf of himself and
all others similarly situated,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*   Los Angeles Superior Court

CASE NUMBER:
*(Número del Caso):*

**21STCV40280**

111 North Hill St.
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JAMES HAWKINS APLC, 9880 Research Drive, Suite 200 Irvine CA 92618; Tel: (949)387-7200

DATE:                                    Clerk, by                                    , Deputy
*(Fecha)*   11/02/2021         *(Secretario)*   R. Lozano         *(Adjunto)*

Sherri R. Carter Executive Officer / Clerk of Court

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| James Hawkins, SBN 192925<br>Christina M. Lucio, SBN 253677<br>JAMES HAWKINS APLC<br>9880 Research Dr., Suite 200 Irvine, CA 92618<br>TELEPHONE NO.: (949)387-7200   FAX NO.: (949) 387-6676<br>ATTORNEY FOR *(Name):* Jesus Evelio Rosales | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles
STREET ADDRESS: 111 North Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
Evelio Rosales v. JetBlue Airways

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ **Unlimited** ☐ **Limited**<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | ☐ **Counter** ☐ **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 21STCV40280 |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties   d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):*  7
5. This case ☑ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 28, 2021
Christina M. Lucio
(TYPE OR PRINT NAME)   ►   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet.  In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

| SHORT TITLE: Evelio Rosales v. JetBlue Airways | CASE NUMBER 21STCV40280 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.

2. Permissive filing in central district.

3. Location where cause of action arose.

4. Mandatory personal injury filing in North District.

5. Location where performance required or defendant resides.

6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.

8. Location wherein defendant/respondent functions wholly.

9. Location where one or more of the parties reside.

10. Location of Labor Commissioner Office.

11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Evelio Rosales v. JetBlue Airways | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | ①②③ |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Evelio Rosales v. JetBlue Airways | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: Evelio Rosales v. JetBlue Airways | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| **REASON:**<br><br>☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: |
|---|---|
| CITY: | STATE:    ZIP CODE: |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: <u>October 28, 2021</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Electronically FILED by Superior Court of California, County of Los Angeles on 11/02/2021 03:03 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano,Deputy Clerk

James R. Hawkins (SBN 192925)
Christina M. Lucio (SBN 253677)
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile: (949) 387-6676
James@Jameshawkinsaplc.com
Christina@Jameshawkinsaplc.com

Attorneys for Plaintiff JESUS EVELIO ROSALES,
on behalf of himself and all others similarly situated

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF LOS ANGELES

| | |
|---|---|
| JESUS EVELIO ROSALES, individually and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>JETBLUE AIRWAYS, a Delaware Corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 21STCV40280<br><br>**COMPLAINT**<br><br>*Assigned for All Purposes To:*<br>Hon.<br>Dept.:<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1) **Failure to Pay Minimum Wages;**<br>2) **Failure to Pay Overtime Owed;**<br>3) **Failure to Provide Lawful Meal Periods;**<br>4) **Failure To Authorize And Permit Rest Periods;**<br>5) **Failure to Timely Pay Wages Owed Upon Separation From Employment;**<br>6) **Knowing and Intentional Failure to Comply with Itemized Wage Statement Provisions;**<br>7) **Violation of the Unfair Competition Law;**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff JESUS EVELIO ROSALES ("Plaintiff"), individually and on behalf of others similarly situated, and asserts claims against defendants JETBLUE AIRWAYS a Delaware Corporation; and DOES 1-50, inclusive (collectively "Defendants" or "JetBlue") as follows:

## INTRODUCTION

1.      This is a Class Action, pursuant to California Code of Civil Procedure section 382, on behalf of Plaintiff and any and all persons who are or were employed by Defendants, either directly or indirectly, at airports in the State of California at any time from four years prior to the filing of this Complaint through resolution or trial of the matter. ("Class Members" or "Non-Exempt Employees".)

2.      Defendants implemented uniform policies and practices that deprived Plaintiff and Class Members of earned wages, including minimum wages; straight time wages; overtime wages; premium wages; lawful meal and/or rest breaks; reimbursement for necessary expenses; and timely payment of wages.

3.      Such actions and policies, as described above and further herein, were and continue to be in violation of the California Labor Code.  Plaintiff, on behalf of himself and all Class members, bring this action pursuant to the California Labor Code, including sections 201, 202, 203, 204, 218.5, 218.6, 221-224, 226, 226.3, 226.7, 245-249, 510, 512, 516, 558, 1174, 1194, 1194.2, 1195, 1197, 1198, 2802, applicable IWC California Wage Orders and California Code of Regulations, Title 8, section 11000 *et seq.*, seeking unpaid wages, unpaid meal and rest period compensation, penalties, liquidated damages, and reasonable attorneys' fees and costs.

4.      Plaintiff, on behalf of himself and others similarly situated, pursuant to Business and Professions Code sections 17200-17208, also seek restitution from Defendants for their failure to pay to Plaintiffs and Class Members all of their wages, including overtime and premium wages.

## JURISDICTION AND VENUE

5.      This action is brought as a Class Action on behalf of Plaintiff and similarly situated employees of Defendants pursuant to California Code of Civ. Proc. Section 382. The monetary

1    damages and restitution sought by Plaintiff exceeds the minimum jurisdiction limits of the
2    California Superior Court and will be established according to proof at trial.

3           6.     This Court has jurisdiction over this action pursuant to the California Constitution
4    Article VI §10, which grants the California Superior Court original jurisdiction in all causes except
5    those given by statute to other courts.  The statutes under which this action is brought do not give
6    jurisdiction to any other court.

7           7.     This Court has jurisdiction over this Action pursuant to California Code of Civil
8    Procedure, Section 410.10 and California Business & Professions Code, Section 17203.

9           8.     This Court has jurisdiction over Defendants because, upon information and belief,
10   each Defendant is either a resident of California, has sufficient minimum contacts in California, or
11   otherwise intentionally avails itself of the California market so as to render the exercise of
12   jurisdiction over them by the California Courts consistent with traditional notions of fair play and
13   substantial justice.  Defendants have done and are doing business throughout California and
14   Alameda County.

15          9.     The unlawful acts alleged herein have a direct effect on Plaintiff and the other
16   similarly situated Non-Exempt Employees within Los Angeles County and it is believed that
17   Defendants have employed hundreds of Class Members as Non-Exempt Employees in Los Angeles
18   County.

19          10.    The California Superior Court also has jurisdiction in this matter because the
20   individual claims of the Class Members described herein are presently believed to be under the
21   seventy-five thousand dollar ($75,000.00) jurisdictional threshold for Federal Court and the
22   aggregate potential damages and recovery by all of the claims of the Plaintiff's Class, including
23   attorneys' fees, placed in controversy by Plaintiff's class-wide claims, is presently believed to be
24   under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005.
25   Further, there is no federal question at issue, as the issues herein are based solely on California
26   statutes and law, including the Labor Code, IWC Wage Orders, the California Code of Civil
27   Procedure, the California Civil Code, and the California Business and Professions Code.

28          11.    Venue is proper in this Court because one or more of the Defendants reside, transact

business, or have offices in this County, Plaintiff is a resident of this County, and the acts or omissions alleged herein took place in this County.

## PARTIES

12.     Defendant JetBlue Airways is a Delaware Corporation doing business in the state of California.  It is based at 4225 Donald Douglas Drive, Long Beach, California 90808.

13.     Upon information and belief, JetBlue employs Non-Exempt Employees, like Plaintiff, throughout the State of California.

14.     Plaintiff Jesus Evelio Rosales is and during the liability period has been, a resident of California.

15.     Plaintiff was employed in an hourly, non-exempt position by Defendants during the relevant time period.

16.     Plaintiff and the members of the putative class were employed as hourly paid employees employed by Defendants, either directly or indirectly, at airports in the State of California at any time from four years prior to the filing of this Complaint.

17.     Whenever in this complaint reference is made to any act, deed, or conduct of Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through one or more of Defendants' officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendants.

18.     The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sue Defendants by such fictitious names under Code of Civil Procedure § 474.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

19.     Plaintiff is informed and believes, and thereon allege, that the Doe Defendants are the partners, agents, or principals and co-conspirators of Defendants and of each other; that Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits

of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of the Defendants as alleged herein.

20.     Plaintiff is further informed and believes, and thereon allege, that at all times material herein, each Defendant was completely dominated and controlled by its co-Defendants and each was the alter ego of the other.  Whenever and wherever reference is made in this complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally. Whenever and wherever reference is made to individuals who are not named as Defendants in this complaint, but were employees and/or agents of Defendants, such individuals, at all relevant times acted on behalf of Defendants named in this complaint within the scope of their respective employments.

## **FACTUAL ALLEGATIONS**

21.     During the relevant time frame, Defendants compensated Plaintiff and the Non-Exempt Employees based upon an hourly wage.

22.     Plaintiff and the Class Members were, and at all times pertinent hereto, have been non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders.  They are subject to the protections of the IWC Wage Orders and the Labor Code.

23.     During the relevant time, Plaintiff was employed by Defendants in an hourly, non-exempt position.  He worked as a ground operations service agent in Defendants' facilities approximately 4 days per week, 27 hours per week.

24.     Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

25.     All Class Members are similarly situated in that they are all subject to Defendants' uniform policies and systemic practices as specified herein.

26.     Plaintiff and the Class Members were required to clock in at the beginning of their shifts, clock out for lunch, in at the end of their lunch periods and out at the end of their shifts.

- 4 -
COMPLAINT

27.     In addition, Plaintiff and the Class Members worked in excess of eight (8) hours in day and/or over forty (40) hours in a workweek, but were not properly paid for such time at a rate of time and one-half the employee's regular rate of pay per hour.

28.     Upon information and belief, Defendants failed to incorporate all forms of non-discretionary compensation into the regular rate, including differentials and incentives.

29.     Plaintiff and the Class Members were regularly required to work shifts in excess of five hours without being provided a lawful meal period and, on occasion, would not be provided a meal period for the entirety of the work shift.

30.     Indeed, during the relevant time, as a consequence of Defendants' scheduling and staffing practices, work demands, and Defendants' policies and practices, Defendants frequently failed to provide Plaintiff and the Class Members timely, legally complaint uninterrupted 30-minute meal periods as required by law.  Plaintiff's and the Class Members' first meal breaks were frequently not provided, untimely or short.

31.     On information and belief, Plaintiff and Class Members did not waive their rights to a meal period.

32.     In addition, during the relevant time frame, Plaintiff and the Non-Exempt Employees were systematically not authorized and permitted to take one net ten-minute paid, rest period for every four hours worked or major fraction thereof, which is a violation of the Labor Code and IWC wage order.

33.     Defendants maintained and enforced scheduling practices, policies, and imposed work demands that frequently required Plaintiff and Class Members to forego their lawful, paid rest periods of a net ten minutes for every four hours worked or major fraction thereof.   Such requisite rest periods were not timely authorized and permitted.

34.     Despite the above-mentioned rest period violations, Defendants did not compensate Plaintiff, and on information and belief, did not pay Class Members one additional hour of pay at their regular rate as required by California law, including Labor Code section 226.7 and the applicable IWC wage order, for each day on which lawful rest periods were not authorized and permitted.

35.     Plaintiff and Class Members rest periods were frequently interrupted or cut short due to staffing/scheduling practices, policies, and imposed work demands.

36.     Defendants also failed to provide accurate, lawful itemized wage statements to Plaintiff and the Class Members in part because of the above specified violations, and because they did not include all applicable rates of pay and total hours worked.

37.     Defendants have also made it difficult to determine applicable rates of pay and account with precision for the unlawfully withheld wages and deductions due to be paid to Non-exempt Employees, including Plaintiff, during the liability period because they did not implement and preserve a lawful record-keeping method to record all hours worked, and non-provided rest and meal periods owed to employees as required for non-exempt employees by 29 U.S.C. section 211(c), California Labor Code section 226, and applicable California Wage Orders.

38.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew that at the time of termination of employment (or within 72 hours thereof for resignations without prior notice as the case may be) they had a duty to accurately compensate Plaintiffs and Class Members for all wages owed including straight time, overtime, meal and rest period premiums, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so in part because of the above-specified violations.

39.     Plaintiff and the Class Members are covered by applicable California IWC Wage Orders and corresponding applicable provisions of the California Code of Regulations, Title 8, section 11000 *et seq*.

## CLASS ACTION ALLEGATIONS

40.     Plaintiff brings this action on his own behalf, as well as on behalf of each and every other person similarly situated, and thus, seeks class certification under California Code of Civil Procedure §382.

41.     All claims alleged herein arise under California law for which Plaintiff seeks relief as authorized by California law.

42.     The proposed class is comprised of and defined as: **all persons who are or were**

**employed by the Defendants as hourly paid, non-exempt workers at airports in the State of California at any time from four years prior to the filing of this action[1] through resolution or trial of the matter.**   (hereinafter collectively referred to as the "Class" or "Class Members").

43.   Plaintiff also seeks to represent Subclasses included in the Plaintiff's Class, which are composed of Class Members satisfying the following definitions:

a.   All Class Members who were not paid at least minimum wage for all hours worked (collectively **"Minimum Wage Subclass"**);

b.   All Class Members who were not accurately paid overtime for hours worked over eight in a day or over forty in a workweek **(collectively "Overtime Subclass"**);

c.   All Class Members who worked more than five (5) hours in a workday and were not provided with a timely, uninterrupted lawful meal period of net thirty (30) minutes, and were not paid compensation of one hour premium wages at the employee's regular rate in lieu thereof (hereinafter collectively referred as the "**Meal Period Subclass**");

d.   All Class Members who worked more than three and a half hours in a workday and were not authorized and permitted to take a net 10-minute rest period for every four (4) hours or major fraction thereof worked per day and were not paid compensation of one hour premium wages at the employee's regular rate in lieu thereof (hereinafter collectively referred to as the "**Rest Period Subclass"**);

e.   All Class Members who did not receive all owed wages at time of separation or within 72 hours in the case of resignation (hereinafter collectively referred to as the "**Waiting Time Subclass**");

f.   All Class Members who were not provided with accurate and complete itemized wage statements (hereinafter collectively referred to as the "**Inaccurate Wage Statement Subclass**");

g.   All Class Members who were employed by Defendants and subject to Defendant's Unfair Business Practices (hereinafter collectively referred to as the "**Unfair Business Practices Subclass**").

---

[1] As properly tolled by California Rule of Court App I. R.R. Emergency Rule 9

44.     Plaintiff reserves the right, under Rule 3.765, California Rules of Court, to amend or modify the descriptions of the Class and Subclasses to provide greater specificity as appropriate, or if it should be deemed necessary by the Court or to further divide the Class Members into additional Subclasses or to limit the Subclasses to particular issues.  Any reference herein to the Class Members or the Plaintiffs' Class includes the members of each of the Subclasses.

45.     As set forth in further detail below, this action has been brought and may properly be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation, and the proposed Class and Subclasses are easily ascertainable through Defendants' records.

a.     <u>Numerosity</u>:  The members of the Class and Subclasses are so numerous that joinder of all members of the Class and Subclasses would be unfeasible and impractical.  The membership of the entire Class and Subclasses is unknown to Plaintiff at this time, however, the Class is estimated to be hundreds of individuals.  Accounting for employee turnover during the relevant periods necessarily increases this number substantially.  Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

b.     The proposed class is easily ascertainable. The number and identity of the class members are determinable from Defendants' payroll records and time records for each class member.

c.     <u>Commonality</u>:  There are common questions of law and fact as to the Class and Subclasses that predominate over questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

1.   Whether Defendants accurately paid Class Members for all hours worked;

2.   Whether Defendants accurately calculated and paid all Class Members overtime premiums for the hours which Plaintiff and Class Members worked in excess of eight (8) hours per day and/or forty (40) hours per week;

3.  Whether Defendants accurately paid employees double time for hours worked in excess of 12 hours in one day or for work over 8 hours in a day on the seventh day of work in a workweek;

6.  Whether Defendants had a policy and practice of providing lawful, timely meal periods in accordance with Labor Code § 512, as well as the applicable Industrial Welfare Commission ("IWC") wage order;

7.  Whether Defendants had a policy and practice of complying with Labor Code section 226.7 and IWC Wage Order on each instance that a lawful, timely 30-minute uninterrupted meal period was not provided;

8.  Whether Defendants failed to authorize and permit a lawful, net 10-minute rest period to the Class Members for every four (4) hours or major fraction thereof worked;

9.  Whether Defendants had a policy and practice of complying with Labor Code section 226.7 and the IWC Wage Order on each instance that a lawful rest period was not provided;

10.  Whether Defendants failed to timely pay all wages upon separation in accordance with Labor Code sections 201-202;

11.  Whether Defendants omitted required information from itemized wage statements;

12.  Whether Defendants failed to maintain accurate records of Class Members' earned wages, work periods, meal periods and deductions;

13.  Whether Defendants engaged in unfair competition in violation of section 17200 et seq. of the Business and Professions Code;

14.  Whether Defendants' conduct was willful and/or reckless;

15.  Whether Defendants failed to provide accurate itemized wage statements in violation of Labor Code § 226; and

16.  The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violations of California law.

COMPLAINT

d.      Typicality:  Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and Subclasses with whom he has a well-defined community of interest.  Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclasses, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclasses in separate actions. All members of the Class and/or Subclasses have been similarly harmed by Defendants' failure to provide lawful meal and rest periods, failure to reimburse expenses, failure to provide accurate wage statements, failure to timely pay wages at termination, failure to pay minimum wages, rounding practices, and failure to accurately pay all wages earned including all owed premium and overtime wages, all due to Defendants' policies and practices that affected each member of the Class and/or Subclasses similarly.  Further, Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Class and/or Subclasses.

e.      Adequacy:  Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclasses with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges that he has an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclasses, and no such relationships or conflicts are currently known to exist.  Plaintiff's attorneys and the proposed counsel for the Class and Subclasses are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters.  Other former and current employees of Defendants may also serve as representatives of the Class and Subclasses if needed.

f.      Superiority:  The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort, judicial resources, and expense, which would not be achieved with separate lawsuits.  The prosecution of separate actions by individual members of the Class and/or Subclasses would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class and/or Subclasses, establishing incompatible standards of conduct for the Defendants, and resulting in the impairment of the rights of the members of the Class and/or Subclasses and the

disposition of their interests through actions to which they were not parties.  Thus, a class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policies and practices that affected each member of the Class and/or Subclasses similarly.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for both parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

g. <u>Public Policy Considerations</u>:  Employers in the state of California violate employment and labor laws every day.  However, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means.  The nature of this action allows for the protection of current and former employees' rights without fear of retaliation or damage.  Additionally, the citizens of California have a significant interest in ensuring employers comply with California's labor laws and in ensuring those employers who do not are prevented from taking further advantage of their employees.

## CLASS ACTION CLAIMS

### FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

**(By Plaintiff and the Class Against Defendants)**

46.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

47.    Labor Code section 204 establishes the fundamental right of all employees in the State of California to be paid wages, including minimum wage, straight time and overtime, in a timely fashion for their work.

48.     Labor Code section 1194(a) provides that notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

49.     Labor Code section 1197 provides:  The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful.

50.     Pursuant to Labor Code section 1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage Order(s).

51.     The applicable wage orders and California Labor Code sections 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law.

52.     Labor Code sections 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code section 1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest accrued thereon.

53.     During all relevant periods, the California Labor Code and wage orders required that Defendants fully and timely pay its non-exempt, hourly employees all wages earned and due for all hours worked.

54.     The IWC Wage Orders define "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

55.     However, Defendants failed to pay at least minimum wage for all hours worked because, employees were required to work off the clock.

56.     In addition, upon information and belief, Defendants rounded hours worked against Plaintiff and the Class Members' interests.

57.     Defendant's policy and practice of not paying all minimum wages violates California Labor Code sections 204, 210, 216, 558, 1182.12, 1194, 1197, 1197.1, 1198, and the applicable wage order 4-2001 and 9-2001.

58.     Due to Defendants' violations of the California Labor Code and wage orders, Plaintiff and the Minimum Wage Subclass members are entitled to recover from Defendant their unpaid wages, statutory penalties, reasonable attorneys' fees and costs in this action, and pre-judgment and post-judgment interest, as well as liquidated damages.

## SECOND CAUSE OF ACTION
## <u>FAILURE TO PAY OVERTIME OWED</u>
### (By Plaintiff and the Class Against All Defendants)

59.     Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

60.     During all relevant periods, Defendant required Plaintiff and the Class members to work shifts in excess of eight (8) hours per workday and/or to work in excess of forty (40) hours per workweek.

61.     During all relevant periods, both the California Labor Code sections 1194, 1197, 510, 1198, and the pertinent wage order 4-2001 and 9-2001 required that all work performed by an employee in excess of eight (8) hours in any workday, on the seventh day of work in any workweek, or in excess of forty (40) hours in any workweek be compensated at one and one-half (1.5) times the employee's regular rate of pay. Any work in excess of twelve (12) hours in one (1) day is required to be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight (8) hours on any seventh (7th) day of a workweek is required to be compensated at the rate of no less than twice the regular rate of pay of an employee.

62.     During all relevant periods, Defendants had a uniform policy of requiring Plaintiff and the Class members to work in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek without compensating them at a rate of one and one-half (1.5) times their regular rate of pay. Upon information and belief, Defendants also failed to properly compensate

Plaintiff and the Class Members for hours worked in excess of twelve (12) hours in one (1) day, or eight (8) hours on the seventh (7th) day of a workweek.

63.     The IWC Wage Orders define "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

64.     At all times relevant, Plaintiff and Class Members consistently worked hours for which they were not paid because Plaintiff and the Class Members were required to work off the clock—some of these hours were over eight (8) hours in one (1) workday or in excess of forty (40) hours in a workweek and should have been paid at the overtime rate.

65.     In addition, upon information and belief, Defendants failed to incorporate all forms of compensation, including without limitation bonuses, differentials, and incentives, into the regular rate for overtime purposes.

66.     As a result, Defendants failed to pay Plaintiff and the Class members earned overtime wages and such employees suffered damages as a result.

67.     Defendants knew or should have known Plaintiffs and the Class Members were undercompensated as a result of these practices.

68.     Due to Defendant's violations of the California Labor Code, Plaintiff and the Class members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs in this action, and pre-judgment and post-judgment interest, statutory penalties, and liquidated damages.

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE LAWFUL MEAL PERIODS**

**(By Plaintiff and the Meal Period Subclasses Against All Defendants)**

69.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

70.     Pursuant to Labor Code § 512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30)

minutes in which the employee is relieved of all of his or her duties, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.

71.     For the four (4) years preceding the filing of this lawsuit as properly tolled by Emergency Rule 9, Defendants failed to provide Plaintiff and Class Members timely and uninterrupted first meal periods of not less than thirty (30) minutes within the first five hours of a shift.

72.     As a consequence of Defendants' policies and practices, requirements, demands, lack of coverage and staffing practices, Plaintiff and the Class Members were often required to forego such meal periods, take shortened meal periods, and/or commence their meal periods into and beyond the sixth hour of their shifts.

73.     As a proximate result of the aforementioned violations, Plaintiff and the Class Members have been damaged in an amount according to proof at time of trial.

74.     Pursuant to <u>Labor Code</u> § 226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a meal period violation occurred.  They are also entitled to recover reasonable attorneys' fees, cost, interest, and penalties as applicable.

75.     As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 218.6, 226.7, 512 and the applicable IWC Wage Orders, and Civil Code section 3287.

**FOURTH CAUSE OF ACTION**

**FAILURE TO AUTHORIZE AND PERMIT LAWFUL REST PERIODS**

**(By Plaintiff and the Rest Period Subclasses Against All Defendants)**

76.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

77.     Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, "Every employer shall authorize and permit all employees to take rest

periods, which insofar as practicable shall be in the middle of each work period…. [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof.… Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages."

78.     Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.

79.     Defendants were required to authorize and permit employees such as Plaintiff and Class Members to take rest periods during shifts in excess of 3.5 hours, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours worked, or major fraction thereof, with no deduction from wages.

80.     Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Member's employment with Defendants, Defendants failed and refused to authorize and permit Plaintiff and Class Members to take lawful, net ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.  Such rest breaks, when provided, were frequently untimely or less than net ten minutes because of the work requirements imposed by Defendants, and frequent calls during rest periods.

81.     Defendants did not pay Plaintiff one additional hour of pay at his regular rate of pay for each day that a rest period violation occurred.  On information and belief, the other members of the Class endured similar violations as a result of Defendants' rest period policies and practices and Defendant did not pay said Class Members premium pay as required by law.

82.     By their failure to authorize and permit Plaintiff and the Class Members to take a lawful, net ten (10) minute rest period free from work duties every four (4) hours or major fraction thereof worked, including failure to provide two (2) total rest periods on six to ten hour shifts and three (3) total ten (10) minute rest periods on days on which Plaintiff and the other Class Members work(ed) work a third rest period for shifts in excess of ten (10) hours, and by their failure to provide compensation for such unprovided rest periods as alleged herein, Defendants willfully violated the provisions of Labor Code sections 226.7 and the applicable IWC Wage Order(s).

83.     As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 218.6, 226.7, the applicable IWC Wage Orders, and Civil Code 3287.

### FIFTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY WAGES OWED AT SEPARATION

#### (By Plaintiff and the Waiting Time Subclass Against All Defendants)

84.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

85.     Labor Code §§ 201 and 202 require Defendants to pay their employees all wages due within seventy-two (72) hours of separation of employment.

86.     Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced.  The penalty cannot exceed 30 days of wages.

87.     Plaintiff and Class Members are entitled to compensation for all forms of wages earned, including but not limited to minimum wages, overtime, sick pay, and premium meal and rest period compensation, but to date have not received such compensation, therefore entitling them to Labor Code § 203 penalties.

88.     In addition, irrespective of any derivative violation, Defendants failed to timely pay Plaintiff and, upon information and belief, other Class Members earned compensation at the time of termination despite their obligations under Labor Code 201 and 202.

89.     More than thirty (30) days have passed since affected Waiting Time Subclass Members have left Defendants' employ, and on information and belief, they have not received payment pursuant to Labor Code § 203.

90.     Plaintiff and Waiting Time Subclass Members are thus entitled to 30 days' wages as a penalty under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**

**KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS**

**By Plaintiff and Wage Statement Subclass Against Defendants**

91.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

92.     Labor Code section 226(a) reads in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions… (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each the pay period and the corresponding number of hours worked at each hourly rate by the employee….".

93.     Further, the IWC Wage Orders require in pertinent part: Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded…(5) Total hours worked in the payroll period and applicable rates of pay…."

94.     Labor Code section 1174 of the California also requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed and payroll records showing the hours worked daily by, and the wages paid to, its employees.  On information and belief and based thereon, Defendants have knowingly and intentionally failed to comply with Labor Code section 1174, including by

implementing the policies and procedures and committing the violations alleged in the preceding causes of action and herein.  Defendants' failure to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

95.     Defendants have failed to record many of the items delineated in applicable Industrial Wage Orders and Labor Code section 226, and required under Labor Code section 1174, including by virtue of the fact that each wage statement which failed to accurately compensate Plaintiff and Class Members for all hours worked and for missed and non-provided meal and rest periods, or which failed to include compensation for all minimum wages earned or overtime hours worked, was an inaccurate wage statement.  In addition, the wage statements inaccurately stated totals hours worked and hours worked at each hourly wage rate.

96.     On information and belief, Defendants failed to implement and preserve a lawful record-keeping method to record all non-provided meal and rest periods owed to employees or all hours worked, as required for Non-Exempt Employees under California Labor Code section 226 and applicable California Wage Orders.  In order to determine if they had been paid the correct amount and rate for all hours worked, Plaintiff and Class Members have been, would have been, and are compelled to try to discover the required information missing from their wage statements and to perform complex calculations in light of the inaccuracies and incompleteness of the wage statements Defendants provided to them.

97.     As a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Defendants did not and still do not furnish each of the members of the Wage Statement Class with an accurate itemized statement in writing accurately reflecting all of the required information.  Here, Plaintiff asserts the Defendant omitted required information such as total hours worked, and failed to accurately include all applicable hourly rates on the wage statements and the corresponding number of hours worked at such rates or hours paid at such rates.  In addition, Defendants have failed to provide accurate itemized wage statements as a consequence of the above-specified violations for failure to accurately pay all wages owed, accurately record all hours worked, and failure to pay meal and rest period premiums as required by law.

98.     Moreover, upon information and belief, as a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Defendants did not and do not maintain accurate records pertaining to the total hours worked for Defendants by the members of the Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

99.     Plaintiffs and the members of the Wage Statement Class have suffered injury as a result of Defendants' failure to maintain accurate records for the members of the Wage Statement Class in that the members of the Wage Statement Class were not timely provided written accurate itemized statements showing all requisite information, such that the members of the Wage Statement Class were misled by Defendants as to the correct information regarding various items, including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

100.    Pursuant to Labor Code section 226, and in light of Defendants' violations addressed above, Plaintiff and the Wage Statement Class Members are each entitled to recover up to a maximum of $4,000.00, along with an award of costs and reasonable attorneys' fees.

### SEVENTH CAUSE OF ACTION

### VIOLATION OF THE UNFAIR COMPETITION LAW

### By Plaintiff and Class Against All Defendants

101.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

102.    Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the general public.  Plaintiff also seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure § 1021.5.

103.    Defendants' policies, activities, and actions as alleged herein are violations of California law and constitute unlawful business acts and practices in violation of California

Business and Professions Code §§ 17200, *et seq*.

104.    A violation of California Business and Professions Code §§ 17200, *et seq*., may be predicated on the violation of any state or federal law.

105.    The state law violations, including violations of the relevant IWC Wage Order, detailed herein above are the predicate violations for this cause of action.   By way of example only, in the instant case Defendants' policy of failing to lawfully provide Plaintiff and the Class with timely meal and rest periods or pay one (1) hour of premium pay when a meal or rest period was not lawfully provided violates Labor Code § 512, and § 226.7, and the IWC Wage Orders. Defendants further violated the law through their policies of failing to fully and accurately compensate Plaintiff and the Class Members for all hours worked, including minimum wages and overtime, and failing to reimburse for necessary expenses, as well as failing to provide accurate itemized wage statement as specified above.

106.    Plaintiff and the Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

107.    Pursuant to California Business and Professions Code §§ 17200, *et seq.*, Plaintiff and the Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees pursuant to California Code of Civil Procedure §1021.5; interest; and an award of costs.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray judgment against Defendants, jointly and severally, as follows:

### **Class Certification**

1.    That this action be certified as a class action;

2.    That Plaintiff be appointed as the representative of the Class;

3.    That Plaintiff be appointed as the representatives of the Subclasses; and

4.    That counsel for Plaintiff be appointed as counsel for the Class and Subclasses.

**On the First Cause of Action**

(Failure to pay minimum wages)

1.     For the unpaid balance of the full amount of any minimum wages, and regular wages owed, as well as interest thereon,

2.     Penalties according to statute,

3.     Liquidated damages,

4.     Reasonable attorneys' fees, and costs of suit;

5.     For interest and

6.     For such other and further relief as the Court deems proper.

**On the Second Cause of Action**

(Failure to pay overtime)

1.     For the unpaid balance of the full amount of any overtime wages owed, as well as interest thereon,

2.     Penalties according to statute,

3.     Liquidated damages,

4.     Reasonable attorneys' fees, and costs of suit;

5.     For interest and

6.     For such other and further relief as the Court deems proper.

**On the Third Cause of Action**

(Failure to Provide Lawful Meal Periods)

1.     For one (1) hour of premium pay for each day in which a required meal period was not lawfully provided;

2.     For reasonable attorneys' fees and costs pursuant to statute; and

3.     For such other and further relief as the Court deems proper.

COMPLAINT

**On the Fourth Cause of Action**

(Failure to Authorize and Permit Lawful Rest Periods)

1. For one (1) hour of premium pay for each day in which a required rest period was not lawfully authorized and permitted; and

2. For reasonable attorneys' fees and costs pursuant to statute; and

3. For such other and further relief as the Court deems proper.

**On the Fifth Cause of Action**

(Failure to Timely Pay Wages At Separation)

1. For unpaid wages;

2. For penalties pursuant to Labor Code § 203;

3. For interest;

4. For reasonable attorneys' fees and costs pursuant to statute; and

5. For such other and further relief as the Court deems proper.

**On the Sixth Cause of Action**

(Failure to Provide Accurate Itemized Wage Statements)

1. For statutory penalties, including penalties pursuant to Labor Code section 226;

2. For reasonable attorneys' fees and costs; and

3. For such other and further relief as the Court deems proper;

**On the Seventh Cause of Action**

(Violation of the Unfair Competition Law)

1. That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and Class Members for the Defendants' past failure to pay minimum, overtime and regular wages, for Defendants' past failure to reimburse necessary expenses, and for premium wages for meal and rest periods that were not provided to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

2. For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover under California Code of Civil Procedure § 1021.5 and Labor Code section 1194, 1197, 1198 ;

COMPLAINT

3.      For pre-judgment interest on any unpaid minimum, regular and overtime wages due from the day that such amounts were due;

4.      For costs of suit incurred herein that Plaintiff and Class Members are entitled to recover under the Labor Code; and

5.      For such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of the Class and Subclasses, respectfully demand a jury trial in this matter to the fullest extent available under the law.

Respectfully submitted,

Dated:   October 28, 2021

JAMES HAWKINS, APLC
James R. Hawkins, Esq.
Christina M. Lucio, Esq.

Attorneys for JESUS EVELIO ROSALES, on behalf of himself and all others similarly situated

- 24 -
COMPLAINT

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>11/02/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Lozano _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV40280 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Kenneth R. Freeman | 14 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 11/02/2021
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Lozano_____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 15 2021

Sherri R. Carter, Executive Officer/Clerk of Court
By: Berta Guerrero, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

| | |
|---|---|
| JESUS EVELIO ROSALES<br><br>Plaintiff,<br><br>vs.<br><br>JETBLUE AIRWAYS, et al.<br><br>Defendants. | Case No. 21STCV40280<br>INITIAL STATUS CONFERENCE ORDER<br>(COMPLEX LITIGATION PROGRAM)<br><br>Case Assigned for All Purposes to<br>Judge Kenneth R. Freeman<br><br>Department: 14<br>Date:        March 18, 2022<br>Time:        10:00 a.m. |

Due to the pandemic and the urgent need to avoid court appearances, the parties MUST

sign up with an e- service provider at least ten court days in advance of the Initial Status

Conference and advise the Court, via email to sscdept14@lacourt.org, which provider was

selected.

This case has been assigned for all purposes to Judge Kenneth R. Freeman in the Complex

Litigation Program.  An Initial Status Conference is set for **March 18, 2022, at 10:00 a.m., in**

**Department 14** located in the **Spring Street Courthouse,** at United States District Court, at 312

N. Spring Street, Los Angeles, California 90012.  Counsel for all the parties are ordered to attend.

The Court orders counsel to prepare for the Initial Status Conference by identifying and

discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to

initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as possible, on a case management plan.  To this end, counsel must file a Joint Initial Status Conference Class Action Response Statement ten (10) court days ( **March 4, 2022 and provide a conformed courtesy copy DIRECTLY in Department 14**) before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not the use the Judicial Council Form CM-110 (Case Management Statement) for this purpose.

**1. PARTIES AND COUNSEL:**  Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

**2. POTENTIAL ADDITIONAL PARTIES:**  Does any plaintiff presently intend to add more class representatives?  If so, and if known, by what date and by what name?  Does any plaintiff presently intend to name more defendants?  If so, and if known, by what date and by what name?  Does any appearing defendant presently intend to file a cross-complaint?  If so, who will be named.

**3. IMPROPERLY NAMED DEFENDANT(S):**  If the complaint names the wrong person or entity, please explain.

**4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**  If any party believes one or more named plaintiffs might not be an adequate class representative, please explain.  No prejudice will attach to these responses.

**5. ESTIMATED CLASS SIZE:**  Please discuss and indicate the estimated class size.

**6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**  Please list other cases with overlapping class definitions.  Please identify the court, the short caption title, the docket number, and the case status.

-2-

INITIAL STATUS CONFERENCE ORDER

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please include a sample of any clause of this sort.   Opposing parties must summarize their views on this issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel are to identify and describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues.  The vehicles include:

■ Early motions in limine,

■ Early motions about particular jury instructions,

■ Demurrers,

■ Motions to strike,

■ Motions for judgment on the pleadings, and

■ Motions for summary judgment and summary adjudication.

**9. CLASS CONTACT INFORMATION:** Does plaintiff need class contact information from the defendant's records?  If so, do the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel?  If the parties agree on the notice process, who should pay for it?  Should there be a third-party administrator?

**10. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11. DISCOVERY:** Please discuss discovery.  Do the parties agree on a plan?  If not, can the parties negotiate a compromise?  At minimum, please summarize each side's views on discovery.  The Court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The Court

-3-

1    generally does not permit extensive or expensive discovery relevant only to the merits (for

2    example, detailed damages discovery) unless a persuasive showing establishes early need.  If any

3    party seeks discovery from absent class members, please estimate how many, and also state the

4    kind of discovery you propose[1].

5           **12. INSURANCE COVERAGE:**  Please state if there is insurance for indemnity or

6    reimbursement.

7           **13. ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each

8

9    party's position about it.  If pertinent, how can the Court help identify the correct neutral and

10   prepare the case for a successful settlement negotiation?

11          **14. TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for

12   the following:

13          ■ The next status conference,

14          ■ A schedule for alternative dispute resolution, if it is relevant,

15
16          ■ A filing deadline for the motion for class certification, and

17          ■ Filing deadlines and descriptions for other anticipated non-discovery motions.

18          **15. ELECTRONIC SERVICE OF PAPERS:**  For efficiency the complex program

19   requires the parties in every new case to use a third-party cloud service. While the parties are free

20   to choose one of the services shown below, this Court (Department 14) prefers that the parties

21   select:

22          ■ **Case Anywhere (http://www.caseanywhere.com).**

23
24   The parties are not required to select Case Anywhere, but may chose instead either

25          ■ File & Serve Xpress (https://secure.fileandservexpress.com) or

26   ───────────────

27   [1] See California Rule of Court, Rule 3.768.

28

■ CaseHomePage (http://www.casehomepage.com).

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement. If there is agreement, please identify the vendor. If parties cannot agree, the Court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing. Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires Court approval . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, these proceedings are stayed in their entirety. This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court. However, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and

---

[2] California Rule of Court, Rule 3.770(a)

1   hearings on procedural and substantive challenges to the complaint and other issues that may

2   assist in the orderly management of these cases.  This stay shall not preclude the parties from

3   informally exchanging documents that may assist in their initial evaluation of the issues presented

4   in this case, however shall stay all outstanding discovery requests.

5        Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on

6   counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of

7   service of this order. If any defendant has not been served in this action, service is to be completed

8   
9   within twenty (20) days of the date of this order.

10       Dated:  11-15-2021.

11                      **KENNETH R. FREEMAN**

12  
13                      Judge Kenneth R. Freeman

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Spring Street Courthouse, Department 14

**21STCV40280**                                                    November 15, 2021
**JESUS EVELIO ROSALES vs JETBLUE AIRWAYS**                        9:30 AM

Judge: Honorable Kenneth R. Freeman          CSR: None
Judicial Assistant: B. Guerrero              ERM: None
Courtroom Assistant: None                    Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order Regarding Newly Filed Class Action;

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 03/18/2022 at 10:00 AM in this department. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex litigation Program courtrooms:  http://www.lacourt.org/division/civil/CI0037.aspx

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 14

**21STCV40280**                                    November 15, 2021
**JESUS EVELIO ROSALES vs JETBLUE AIRWAYS**                    9:30 AM

Judge: Honorable Kenneth R. Freeman          CSR: None
Judicial Assistant: B. Guerrero              ERM: None
Courtroom Assistant: None                    Deputy Sheriff: None

All such fees are ordered to be paid to Los Angeles Superior Court, within 10 days of service of this order.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within 7 days of service.

Certificate of Mailing is attached.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**11/15/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ B. Guerrero _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Jesus Evelio Rosales | |
| DEFENDANT/RESPONDENT:<br>JetBlue Airways | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV40280 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Regarding Newly Filed Class Action;) of 11/15/2021, Initial Status Conference Order  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.


Christina M. Lucio
JAMES HAWKINS APLC
9880 Research Drive, Suite 200 Suite 200
Irvine, CA  92618


Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 11/15/2021

By:   B. Guerrero
Deputy Clerk

**CERTIFICATE OF MAILING**

# FILED

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re | ) ORDER PURSUANT TO CCP 1054(a), |
| Use of Voluntary Efficient Litigation | ) EXTENDING TIME TO RESPOND BY |
| Stipulations | ) 30 DAYS WHEN PARTIES AGREE |
| | ) TO EARLY ORGANIZATIONAL |
| | ) MEETING STIPULATION |
| | ) |

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

_Carolyn B. Kuhl_
Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 253677 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Christina M. Lucio | | |
| FIRM NAME: James Hawkins APLC | | |
| STREET ADDRESS: 9880 Research Dr. | | |
| CITY: Irvine    STATE: CA    ZIP CODE: 92618 | | |
| TELEPHONE NO.: (949) 387-7200    FAX NO.: (949) 387-6676 | | |
| E-MAIL ADDRESS: christina@jameshawkinsaplc.com | | |
| ATTORNEY FOR (Name): Evelio Rosales | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS:  111 North Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE:   Los Angeles CA, 90012
BRANCH NAME:  Stanley Mosk

Plaintiff/Petitioner:  Evelio Rosales
Defendant/Respondent:  JetBlue Airways

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>21STCV40280 |
|---|---|

TO *(insert name of party being served)*: Jetblue Airways

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing:  November 19, 2021

Christina M. Lucio
(TYPE OR PRINT NAME)

▶

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:

1.  [x] A copy of the summons and of the complaint.
2.  [x] Other *(specify)*:

Civil Case Cover Sheet, Notice of Case Assignment, ADR, Litigation Stipulations, Order Pursuant to CPP, Civil Case Cover Sheet Addendum, Minute Order, Initial SC Order

*(To be completed by recipient):*

Date this form is signed: _____

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

## PROOF OF SERVICE, COUNTY OF ORANGE

I am a resident of the State of California, County of Orange.  I am over the age of eighteen years and not a party to the within action.  My business address is 9880 Research Drive., Suite 200, Irvine, California 92618.

On November 19, 2021, I served on the interested parties in this action the following document(s) entitled:

- **NOTICE AND ACKNOWLEDGEMENT OF RECEIPT  - CIVIL**

- **CLASS COMPLAINT**

- **SUMMONS**

- **CIVIL CASE COVER SHEET**

- **NOTICE OF CASE ASSIGNMENT**

- **ALTERNATIVE DISPUTE RESOLUTION**

- **VOLUNTARY EFFICIENT LITIGATION STIPULATIONS**

- **ORDER PURSUANT TO CCP**

- **CIVIL CASE COVER SHEET ADDENDUM**

- **MINUTE ORDER**

- **INITIAL STATUS CONFERENCE ORDER**

[XX]  BY MAIL: I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

### SERVICE LIST
*please see attached page*

[XX] **STATE:** I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on November 19, 2021, at Irvine, California

Naomi Adams

---

**Andrew P. Frederick**
Morgan, Lewis & Bockius LLP
1400 Page Mill Road
Palo Alto, CA 94304
Direct: +1.650.843.7565
Main: +1.650.843.4000
Fax: +1.650.843.4001
Mobile: +1.423.534.9765
andrew.frederick@morganlewis.com
www.morganlewis.com

PROOF OF SERVICE

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the  complaint, and _____ for the cross-
<br>(INSERT DATE)                         (INSERT DATE)<br>
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)
Date:

➢ _____
(ATTORNEY FOR PLAINTIFF)

_____
(TYPE OR PRINT NAME)
Date:

➢ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)
Date:

➢ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)
Date:

➢ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)
Date:

➢ _____
(ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)
Date:

➢ _____
(ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)
LASC Approved 04/11

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Print        Save        Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

➢ _____
              (ATTORNEY FOR PLAINTIFF)

_____
(TYPE OR PRINT NAME)

Date: _____

➢ _____
              (ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date: _____

➢ _____
              (ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date: _____

➢ _____
              (ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date: _____

➢ _____
              (ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

Date: _____

➢ _____
              (ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

Date: _____

➢ _____
              (ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

[ Print ]    [ Save ]    [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:             FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐    Request for Informal Discovery Conference
   ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| Print | Save | Clear |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                        FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine.  Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine.  In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions.  If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues.  For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference.  Each side's portion of the short joint statement of issues may not exceed three pages.  The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____      ➢ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR PLAINTIFF)

Date: _____

_____      ➢ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date: _____

_____      ➢ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date: _____

_____      ➢ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date: _____

_____      ➢ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

Date: _____

_____      ➢ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

Date: _____

_____      ➢ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____      _____
                                                   JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

 **Superior Court of California, County of Los Angeles**

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

**What is ADR?**

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

**Advantages of ADR**
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR**

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.
    **Mediation may <u>not</u> be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm