JAMES HAWKINS APLC
James R. Hawkins, State Bar No. 192925
james@jameshawkinsaplc.com
Christina M. Lucio, State Bar No. 253667
christina@jameshawkinsaplc.com
9880 Research Drive, Suite 200
Irvine, CA 92618
Tel:    (949) 387-7200
Fax:    (949) 387-6676

Attorneys for Plaintiff
JESUS EVELIO ROSALES, on behalf of
himself and all others similarly situated

MORGAN, LEWIS & BOCKIUS LLP
Andrew P. Frederick, State Bar No. 284832
Andrew.frederick@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:   +1.650.843.4000
Fax:   +1.650.843.4001

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, State Bar No. 306882
nicole.antonopoulos@morganlewis.com
Taylor D. Horn, State Bar No. 329435
taylor.horn@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001

Attorneys for Defendant
JETBLUE AIRWAYS CORPORATION
(erroneously named as JETBLUE AIRWAYS)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS EVELIO ROSALES, individually and on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JETBLUE AIRWAYS, a Delaware corporation and DOES 1-50, inclusive,<br><br>　　　　　Defendants. | Case No. 2:22-cv-00203-FLA-E<br><br>**STIPULATION TO STAY CASE AND VACATE SCHEDULING CONFERENCE** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 127884219.5

STIPULATION TO STAY CASE AND
VACATE SCHEDULING CONFERENCE
(Case No. 2:22-CV-00203-FLA-E)

Plaintiff Jesus Evelio Rosales ("Plaintiff") and Defendant JetBlue Airways Corporation (incorrectly sued as "JetBlue Airways") ("Defendant"), by and through their undersigned counsel, respectfully submit this stipulation to stay this case and to vacate the Scheduling Conference set for March 18, 2022 as follows:

WHEREAS, on November 2, 2021, Plaintiff filed an unverified class action complaint in Los Angeles County Superior Court alleging seven causes of action on behalf of Plaintiff and a putative class under California law: (1) failure to pay minimum wages; (2) failure to pay overtime owed; (3) failure to provide lawful meal periods; (4) failure to authorize and permit rest periods; (5) failure to timely pay wages owed upon separation from employment; (6) knowing and intentional failure to comply with itemized wage statement provisions; and (7) violation of the Unfair Competition Law (the "Complaint").  Plaintiff's Complaint defines the putative class as "all persons who are or were employed by Defendants as hourly paid, non-exempt workers at airports in the State of California at any time from four years prior to the filing of this action through resolution or trial of the matter;"

WHEREAS, on January 6, 2022, Defendant filed its Answer to the Complaint in Los Angeles County Superior Court;

WHEREAS, on January 10, 2022, Defendant removed this case to this Court;

WHEREAS, on January 12, 2022, this Court set a Scheduling Conference for March 18, 2022 at 1:00 p.m.;

WHEREAS, *Manual Sanchez v. JetBlue Airways Corporation* is a putative wage and hour class action filed on August 24, 2018 in Los Angeles County Superior Court, Case No. BC719081, against Defendant (the "*Sanchez*" action);

WHEREAS, Defendant maintains that the instant action is related to the *Sanchez* action because it involves the same defendant and overlapping claims and putative class members.  Defendant contends that all of the claims against Defendant in the instant action are alleged in *Sanchez*, and the class definition in the

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 127884219.5

1

STIPULATION TO STAY CASE AND VACATE SCHEDULING CONFERENCE
(CASE NO. 2:22-CV-00203-FLA-E)

instant action also overlaps with the class definition and settlement class in *Sanchez*. Plaintiff is a member of the putative class in *Sanchez*;

WHEREAS, Defendant has informed Plaintiff that last year the parties in *Sanchez* reached an agreement to resolve that matter on a class and representative basis. The plaintiff in *Sanchez* filed a motion for preliminary approval of class action and representative action settlement, and the hearing on the plaintiff's motion is currently set for April 21, 2022. The motion defines the settlement class as "[a]ll current and former non-exempt employees who are or were employed by Defendant in California at any time during the Class Period [from August 24, 2014 through June 17, 2021]." Plaintiff is a member of the settlement class in *Sanchez*;

WHEREAS, if the *Sanchez* settlement receives preliminary approval, then notice of the settlement will be provided to settlement class members and a final approval hearing would be scheduled for later this year;

WHEREAS, Defendant contends that if the *Sanchez* settlement is granted final approval, then the claims of the putative class members in this action, except for those who opt out, would be released through June 17, 2021; WHEREAS, in light of the pending *Sanchez* settlement, the Parties agree that a stay of this case will maximize the efficient use of the Court and Parties' time and resources. The Parties further agree that staying the case will not prejudice either party, and it will serve the interests of justice and promote judicial economy. This is the first request made in this matter for a stay;

WHEREAS, this Court has broad discretion to stay the proceedings before it and control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163 (1936)). This power includes staying an action "pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983);

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 127884219.5

2

STIPULATION TO STAY CASE AND VACATE SCHEDULING CONFERENCE
(CASE NO. 2:22-CV-00203-FLA-E)

WHEREAS, for the above reasons, the Parties have agreed that there is good cause to stay this case and to vacate the March 18, 2022 Scheduling Conference; and

WHEREAS, the Parties further agree that within thirty (30) days of the hearing on the plaintiff's motion for preliminary approval of the class settlement in *Sanchez*, which is scheduled for April 21, 2022, the Parties will submit a joint status report informing the Court of the outcome of the hearing and whether the court in *Sanchez* granted preliminary approval of the settlement. If the court in *Sanchez* grants preliminary approval, the Parties agree that the stay should remain in effect. If the court in *Sanchez* does not grant preliminary approval, then the Parties will advise the Court in their joint report whether the stay of this matter should remain in effect or should be lifted. Notwithstanding, anything to the contrary herein, each Party reserves his or its right to lift the stay upon thirty (30) days written notice to counsel for the other Party;

THEREFORE, it is hereby stipulated and agreed as follows:

1. This action should be stayed due to the pending class settlement in the *Sanchez* action;

2. Within thirty (30) days of the hearing on the plaintiff's motion for preliminary approval of the class settlement in *Sanchez*, the Parties will submit a joint status report informing the Court of the outcome of the hearing and whether the court in *Sanchez* granted preliminary approval of the settlement. If the court in *Sanchez* grants preliminary approval, the Parties agree that the stay should remain in effect. If the court in *Sanchez* does not grant preliminary approval, then the Parties will advise the Court in their joint report whether the stay of this matter should remain in effect or should be lifted;

3. Notwithstanding, anything to the contrary herein, each Party reserves

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 127884219.5

3

STIPULATION TO STAY CASE AND VACATE SCHEDULING CONFERENCE
(CASE NO. 2:22-CV-00203-FLA-E)

his or its right to lift the stay upon thirty (30) days written notice to counsel for the other Party; and

4. The Scheduling Conference of March 18, 2022 should be vacated.

**IT IS SO STIPULATED**.

Dated:  March 3, 2022                    JAMES HAWKINS APLC

By: */s/ Christina M. Lucio*
James R. Hawkins
Christina M. Lucio

Attorneys for Plaintiff
JESUS EVELIO ROSALES, on behalf of himself and all others similarly situated

Dated:  March 3, 2022                    MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Andrew P. Frederick*
Andrew P. Frederick
Nicole L. Antonopoulos
Taylor D. Horn

Attorneys for Defendant
JETBLUE AIRWAYS CORPORATION (erroneously named as JETBLUE AIRWAYS)

## FILER'S ATTESTATION

I, Andrew P. Frederick, am the ECF user whose identification and password are being used to file this stipulation.  Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed above, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  March 3, 2022                    MORGAN, LEWIS & BOCKIUS LLP

By */s/ Andrew P. Frederick*
Andrew P. Frederick

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 127884219.5

4

STIPULATION TO STAY CASE AND VACATE SCHEDULING CONFERENCE
(CASE NO. 2:22-CV-00203-FLA-E)